# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**BRENNAN ALEXANDER ELLIS**                        **CIVIL ACTION NO.**

**VERSUS**                                                           **20-329-BAJ-EWD**

**ANDREW M. SAUL, COMMISSIONER**
**OF SOCIAL SECURITY**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 7, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRENNAN ALEXANDER ELLIS                    CIVIL ACTION NO.

VERSUS                                     20-329-BAJ-EWD

ANDREW M. SAUL, COMMISSIONER
OF SOCIAL SECURITY

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Brennan Alexander Ellis ("Plaintiff") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for supplemental security income ("SSI").[1]

After considering the arguments[2] and based on the applicable standard of review under 42 U.S.C. § 405(g), the administrative law judge applied the correct legal standards and substantial evidence supports the Commissioner's decision. Accordingly, it is recommended that the Commissioner's decision be affirmed.

## I.    Procedural History

On September 7, 2016, Plaintiff filed an application for SSI, alleging disability beginning March 1, 2016.[3] Plaintiff's claim was initially denied on March 31, 2017.[4] Thereafter, Plaintiff timely requested a hearing before an administrative law judge ("ALJ").[5] A hearing was held on February 13, 2019, at which Plaintiff, who was represented by a non-attorney representative,

---

[1] *See* AR pp. 186-92 (SSI Application) and AR pp. 1-6 (Notice of Appeals Council Action). References to documents filed in this case are designated by "(R. Doc. [docket entry number(s)] p. [page number(s)]."  References to the record of administrative proceedings filed in this case are designated by "AR p. [page number(s)]."

[2] Plaintiff has filed a Memorandum in Support of Appeal (R. Doc. 11), the Commissioner has filed an Opposition Memorandum (R. Doc. 13), and Plaintiff has filed a Reply (R. Doc. 14).

[3] AR pp. 186-192. *See also* AR p. 10. The alleged disability onset date was amended to the application date, September 7, 2016, during the February 13, 2019 hearing before the administrative law judge. AR p. 208. *See also* AR p. 10.

[4] AR pp. 64-79.

[5] AR pp. 84-88.

testified.[6] Vocational Expert ("VE") Clifton A. King, Jr. also testified.[7] On May 29, 2019, the ALJ issued a notice of unfavorable decision. Plaintiff timely filed a counseled request for review by the Appeals Council. On March 31, 2020, the Appeal's Council denied review.[8]

On June 1, 2020, Plaintiff timely filed his Complaint in this Court.[9] Accordingly, Plaintiff exhausted his administrative remedies before filing this action for judicial review and the Appeals Council's decision is the Commissioner's final decision for purposes of judicial review.[10]

## II.    The ALJ's Decision

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity.[11] The regulations require the ALJ to apply a five-step sequential evaluation to each claim for benefits.[12] In the five-step sequence, the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity; (2) the claimant has a severe medically determinable impairment(s); (3) the impairment(s) meets or equals the severity of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations; (4) the impairment(s) prevents the claimant from performing past relevant work; and (5) the impairment(s) prevents the claimant from doing any other work.[13]

---

[6] AR pp. 38-63. The record also indicates that Plaintiff has been represented by Chermol & Fishman LLC since September 2017. AR p. 107.
[7] AR pp. 10, 34, 38, 55-63. In the hearing transcript, the vocational expert is sometimes referred to as Mr. Kee. *See id*. at 38, 56.
[8] AR pp. 1-5, 7-37.
[9] R. Doc. 1.
[10] *See* 20 C.F.R. § 404.981 ("The Appeals Council may deny a party's request for review or it may decide to review a case and make a decision. The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal district court, or the decision is revised. You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action.").
[11] 20 C.F.R. § 404.1505, 20 C.F.R. § 416.905.
[12] 20 C.F.R. § 404.1520, 20 C.F.R. § 416.920.
[13] *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002).

The burden rests upon the claimant to prove disability throughout the first four steps of this five-step process.[14] If the claimant is successful at the first four steps then the burden shifts to the Commissioner to prove, considering the claimant's residual functional capacity ("RFC"), age, education and past work experience, that he or she is capable of performing other work.[15] If the Commissioner proves other work exists which the claimant can perform, the claimant is given the chance to prove that he or she cannot, in fact, perform that work.[16]

Here, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the September 7, 2016 alleged onset date.[17] At the second step, the ALJ found that Plaintiff had the following severe impairments: schizophrenia disorder, anxiety disorder, depression disorder, and substance use disorder, which significantly limited his ability to perform basic work activities.[18] At the third step, the ALJ found that "while under the effects of substance use," Plaintiff's impairments, considered alone or in combination, did not meet or medically equal the criteria of 12.03, "Schizophrenia spectrum and other psychotic disorders," 12.04 "Depressive, bipolar and related disorders," or 12.06 "Anxiety and obsessive-compulsive disorders."[19] In making this finding, the ALJ considered the revised "paragraph B" criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, 12.00(E),[20] and the effects of those impairments on Plaintiff's functional

---

[14] *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

[15] 20 C.F.R. § 404.1520(g)(1).

[16] *Muse*, 925 F.2d at 789.

[17] AR p. 12.

[18] AR pp. 12-13, *citing* SSR 85-28.

[19] AR pp. 13-15. Listed impairments are descriptions of various physical and mental illnesses and abnormalities generally characterized by the body system they affect. Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a claimant to show that his impairment matches a listed impairment, he must demonstrate that it meets all the medical criteria specified in the Listing. An impairment that exhibits only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 529-32 (1990), (*superseded by statute on other grounds*). *See* 20 C.F.R. § 404.1525 and 20 C.F.R. § 416.925.

[20] The revised "paragraph B" criteria were in effect when Plaintiff's application was filed and when the Appeals Council issued its Notice of Action on March 31, 2020. AR p. 1. *See Williams v. Berryhill*, No. 16-01367, 2018 WL 1006057, at *9 (W.D. La. Jan. 17, 2018) (*citing* Revised Medical Criteria for Evaluating Mental Disorders, 81 FR 66138-01, 2016 WL 5341732 (Sept. 26, 2016) and explaining that "[t]he SSA stated that it will use the new rules on

abilities.[21] Although the ALJ found Plaintiff's mental impairments to be "severe," she also found that the impairments did not meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 because Plaintiff's mental impairments did not result in "at least two 'marked' limitations or one 'extreme' limitation" in any functional area.[22] The ALJ also found that the evidence "fails to establish" the requirements of the paragraph C criteria (that the impairments were "serious and persistent") because (1) the record fails to establish that Plaintiff experiences repeated episodes of decompensation, (2) there is no evidence showing that "a marginal increase in mental demands or change in environment would cause [Plaintiff] to decompensate," and (3) the record does not show that Plaintiff is "unable to function outside a highly supportive living arrangement with a continued need for such an arrangement."[23]

Next, the ALJ found that Plaintiff had the RFC[24] to perform a full range of work at all exertional levels but with the following nonexertional limitations:

> [T]he claimant is able to learn, understand, remember and perform, simple, one to two step, tasks with routine supervision; the claimant is unable to perform customer service work and should have no public contact. He is able to interact appropriately with supervisors and coworkers for work purposes, including accepting and responding appropriately to guidance, and he is able to get along with coworkers. He is able to identify and avoid hazards and adjust to infrequent changes in job requirements and the job setting. However, he would be off task 20% of each workday.[25]

---

or after their effective date in any case in which it makes a determination or decision. The SSA expects the Federal courts will review its final decisions using the rules that were in effect at the time it issues the decisions.").
[21] AR pp. 13-15.
[22] AR pp. 13-15.
[23] AR pp. 13-15.
[24] "Residual functional capacity" is a measure of a claimant's capacity to do physical and mental work activities on a regular and sustained basis. It is the foundation of the findings at steps four and five of the sequential evaluation process. 20 C.F.R. § 404.1545; 20 C.F.R. § 416.945.
[25] AR pp. 15-22.

Based on this RFC, the ALJ concluded that Plaintiff was unable to perform any past relevant work.[26]

To determine the extent to which Plaintiff's limitations eroded the occupational base of unskilled work at all exertional levels, the ALJ relied on the testimony of the VE regarding whether jobs existed in the national economy for an individual with Plaintiff's age, education, work experience, and RFC.[27] The VE considered these factors, including Plaintiff's substance abuse disorder, and testified that there are no jobs that Plaintiff could perform in the national economy.[28] Thus, the ALJ found that Plaintiff is "unable to make a successful vocational adjustment to work that exists in significant numbers in the national economy," so a "finding of 'disabled' is…appropriate under the framework of section 204.00 in the Medical-Vocational Guidelines."[29]

As required under the regulations, the ALJ then conducted the five-step sequential evaluation process to determine whether Plaintiff's substance abuse disorder was a contributing factor material to his disability.[30] Although the ALJ concluded that, if Plaintiff stopped the substance use, he would continue to suffer from severe impairments,[31] she further found those impairments would not meet or medically equal a listed impairment.[32] Without substance use, the ALJ found Plaintiff would have a similar RFC to perform a full range of work at all exertional levels with similar nonexertional limitations, except that he would not be off task 20% of the work

---

[26] AR p. 22. *See also* 20 C.F.C. § 404.1565 and 20 C.F.R. § 416.965.
[27] AR pp. 22-23 and 56-62.
[28] AR pp. 22-23, 56-60.
[29] AR pp. 22-23.
[30] A claimant shall not be considered disabled if alcoholism or drug addiction would be a contributing factor material to the Commissioner's determination that the individual is disabled. SSR 13-2p, *citing* §§ 223(d)(2)(C) and § 1614(a)(3)(J) of the Security Act.
[31] AR p. 23 *citing* SSR 85-28.
[32] AR pp. 23-24 *citing* 20 CFR 416.920(d).

day.[33] The ALJ concluded that "in the absence of substance use, the above [RFC] assessment is supported by medical opinion, the claimant's own admissions, and the record as a whole."[34]

The ALJ ultimately found that if Plaintiff stopped the substance use, there would be a significant number of jobs in the national economy that Plaintiff could perform, considering Plaintiff's age, education, work experience, and RFC.[35] Because there were jobs in the national economy that Plaintiff could perform when the second sequential evaluation process was conducted, the ALJ found that Plaintiff's substance abuse disorder is a contributing factor material to the determination of disability because he would not be disabled if he stopped the substance abuse. Accordingly, the ALJ concluded that Plaintiff had not been under a disability from the September 7, 2016 alleged onset date through the date of decision.[36] The Appeals Council denied review of the ALJ's decision that Plaintiff was not disabled.[37]

## III.    Law and Analysis

### A.    Applicable Law

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards.[38]  If the Commissioner fails to apply the correct legal

---

[33] AR pp. 24-30.
[34] AR p. 30.
[35] AR pp. 30-31 *citing* 20 C.F.R. § 416.960(c) and 20 C.F.R. § 416.966. Based on the testimony of the VE, Plaintiff could meet the requirements of the following occupations: (1) conveyor feeder off bearer (DOT 921.686-014), medium exertional level, unskilled with 26,000 jobs nationally; (2) industrial sweeper (DOT 381.687-034), medium exertional level, unskilled, reasoning level of one with 20,000 jobs nationally; (3) assembler (DOT 699.685-026), light exertional level, unskilled, reasoning level of one with 30,000 jobs nationally; (4) riveting machine operator II (DOT 699.685-030), light exertional level, unskilled, reasoning level of one with 10,000 jobs nationally; (5) laminator (DOT 690.685-258), sedentary work with 3,500-3,600 jobs nationally; and (6) grinding machine operator (DOT 690.685-294), sedentary work with 3,000 jobs nationally. AR pp. 30-31. Citing SSR 00-4P, the ALJ specifically found that the VE's testimony was consistent with the information contained in the DOT. AR p. 31.
[36] AR p. 31.
[37] AR p. 1.
[38] *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001); *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).

standards, or fails to provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal.[39]  Lack of substantial evidence to support the Commissioner's decision is also grounds for reversal.

If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed.[40] Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance.[41] A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision.[42] Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side.[43] In applying the substantial evidence standard, the court must review the entire record as whole, but may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision.[44]

## B.   Plaintiff's Allegations of Error and Argument

On appeal, Plaintiff argues two assignments of error, which he contends are "harmful" and require remand. First, Plaintiff contends that the ALJ's finding that "substance abuse disorder is a contributing factor material to the determination of disability is not supported by substantial

---

[39] *Bruno, M v. U.S. Commissioner, Social Security Administration,* No. 19-886, 2020 WL 5269741, at *3 (W.D. La. Aug. 6, 2020), *report and recommendation adopted sub nom., Bruno v. Commissioner, Social Security Administration*, No. 19-886, 2020 WL 5261150 (W.D. La. Sept. 3, 2020), *citing Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987) and *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981).

[40] *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (*superseded by statute on other grounds*, *see Stancle v. Colvin,* No. 15-405, 2016 WL 3172784, at *8, n. 11 (E.D. Tex. June 7, 2016)).

[41] *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).

[42] *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001), *quoting Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000).

[43] *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

[44] *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (*superseded by statute on other grounds*, *see Stancle,* 2016 WL 3172784, at *14).

evidence."[45] Specifically, Plaintiff argues (1) that evidence showing only "that the claimant uses drugs or alcohol does not in itself establish the existence of a medically determinable Substance Abuse Disorder";[46] (2) that Plaintiff experienced "frequent delusions and hallucinations/voices" despite being "mostly abstinent from drug and alcohol abuse since he filed for benefits";[47] (3) that Plaintiff's psychiatrist, Dr. Burl Forgey, IV, and his professional counselor, Christian J. Dean, Ph.D., opined that Plaintiff's substance abuse did not "cause" his illnesses, that stopping substance abuse will not cure Plaintiff's illness, and that Plaintiff is "permanently and totally disabled from any gainful employment";[48] and (4) that the ALJ improperly rejected the opinions of Dr. Forgey and Dr. Dean "without an explanation supported by good cause."[49]

In response, the Commissioner contends that Plaintiff has failed to meet his burden of showing that his substance abuse is not a material contributing factor to his alleged disability.[50] Further, the Commissioner argues that the ALJ properly applied the applicable "regulations in determining that Plaintiff was not disabled, absent the limitations attributable to substance abuse," and that the ALJ gave the appropriate weight to the opinion of state agency medical consultant ("SAMC"), Robert McFarlain, Ph.D., compared to the opinions of Drs. Forgey and Dean.[51]

Plaintiff also argues that the ALJ's finding, that he "does not meet or medically equal a Mental Listing of Impairment is not supported by substantial evidence,"[52] is erroneous because he meets or medically equals all of the criteria for Listing 12.03 (Schizophrenia).[53] The Commissioner responds that Plaintiff does not meet all of the Listing 12.03 criteria because "Plaintiff has not

---

[45] R. Doc. 11, p. 1.
[46] R. Doc. 11, pp. 2-3 *citing* SSR 13-2p, 8.b.ii.
[47] *Id*. at pp. 5-6.
[48] *Id*. at pp. 3-6.
[49] *Id*. at pp. 6-7.
[50] R. Doc. 13, pp. 8-12.
[51] *Id*. at pp. 11-12.
[52] R. Doc. 11, pp. 7-9.
[53] *Id*.

shown that he has only minimal capacity to adapt to changes in his environment or to demands that are not part of his daily life."[54]

### C. Substantial Evidence Supports the ALJ's Finding that Plaintiff's Substance Abuse Disorder is a Contributing Factor Material to the Determination of Disability

Under 42 U.S.C. § 423(d)(2), "[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." In evaluating cases that "include evidence from acceptable medical sources…establishing that [drug/alcohol abuse ("DAA")] is a medically determinable impairment(s) (MDI)" a determination must first be made as to whether a claimant is disabled considering all MDIs (including DAA).[55] If so, the Commissioner "must then determine whether the claimant would continue to be disabled if he or she stopped using drugs or alcohol; that is…determine whether DAA is 'material' to the finding that the claimant is disabled."[56]

The ALJ's decision follows this procedure. First, the ALJ applied the sequential evaluation process considering Plaintiff's substance abuse, concluding that there are no jobs that exist in significant numbers in the national economy that Plaintiff can perform, *i.e.*, that Plaintiff was disabled considering all MDIs, including DAA.[57] Next, removing Plaintiff's substance abuse from the equation, the ALJ applied the sequential evaluation process a second time, ultimately concluding that Plaintiff's substance abuse disorder is a material factor to the determination of disability because Plaintiff would not be disabled if he stopped abusing substances.[58]

---

[54] R. Doc. 13, pp. 12-15.
[55] SSR 13-2p.
[56] *Id*.
[57] AR pp. 12-23.
[58] AR pp. 23-31.

9

Plaintiff's briefing on whether a substance abuse disorder has been established appears inconsistent. For example, on one hand Plaintiff notes (1) that evidence showing only that a claimant uses drugs or alcohol, including self-reported drug and alcohol use, is not sufficient to establish substance abuse order and (2) that neither Dr. Forgey nor Dr. Dean diagnosed Plaintiff with substance abuse disorder, but Plaintiff admits that there is record evidence supporting the ALJ's finding that Plaintiff's substance use disorder is a severe impairment on the other.[59] To the extent Plaintiff is challenging whether substantial evidence supports the ALJ's finding that Plaintiff has a substance abuse disorder, such argument is unavailing as there is substantial evidence in the record of diagnoses of substance abuse disorder from Plaintiff's medical providers.[60] As such, the remaining question is whether substantial evidence supports the ALJ's finding that Plaintiff's substance abuse is material to his disability.

---

[59] *See* R. Doc. 11, pp. 1-7. *Id.* at p. 4 ("Throughout 2015 into March 2016, [Plaintiff] received diagnoses that included schizophrenia and alcohol and/or use/dependence disorder and substance induced mood disorder."), p. 5 (noting that the "record re cannabis references cannabis/THC usage…[and] some beer drinking"), and p. 5 (noting that "since he filed for benefits," Plaintiff has been "mostly abstinent from drug or alcohol abuse…"). *See also, e.g.*, AR pp. 585, 588, 591, 594, 598-599, 601, 605-606, 608, 612, 615, 619, 622, 625-626, 628, 634, 636, 658-660, 689, 776-777, 788, 790-791, 851, 855.

[60] Plaintiff relies heavily on the fact that neither Dr. Forgey nor Dr. Dean has officially diagnosed him with substance abuse disorder. *See* R. Doc. 11, p. 4 ("…there are no diagnoses assigned by Dr. Dean or Dr. Forgey after [September 7, 2016] of cannabis or alcohol dependence or abuse."). However, substantial "medical evidence," as that term is used in SSR 13-2p, Program Operations Manual System (POMS) § 90070.050(B)(1), supports the ALJ's finding regarding the existence of substance abuse disorder. *See* AR pp. 550, 569 (Plaintiff diagnosed with marijuana/drug abuse in August 2014); AR p. 575 (noting alcohol/drug abuse as "risk factors" in September 2013; AR p. 585 (Plaintiff diagnosed with "alcohol use disorder (ongoing), substance induced mood disorder and cannabis use disorder (severe)" in March 2016). While these diagnoses pre-date Plaintiff's alleged disability onset date (September 7, 2016), the applicable regulations require an ALJ "to consider *all medical opinions* in the record," and those regulations do not provide any exception to that requirement for opinions that pre-date a claimant's onset date." *Davidson v. Colvin*, 164 F.Supp.3d 926, 941 (N.D. Tex. Sept. 30, 2015) (citing 20 C.F.R. § 404.1527(c)(2) (emphasis in original)). Indeed, "medical opinions may not be ignored just because they predate the disability onset date." *Davidson*, 164 F. Supp. 3d at 941–42 (agreeing with the conclusions from other circuit courts—the 1st, 6th, 7th, 8th, and 10th—that "an ALJ may not simply ignore medical opinions because they pre-date the onset of disability or post-date the last insured date, since that evidence can be relevant to a claim of disability."); *see also Knapp v.* Saul, No. 19-69, 2020 WL 3516130, at *5 (N.D. Tex. June 12, 2020). Plaintiff also relies heavily on purported periods of abstinence to show that his DAA is not a contributing factor material to the determination of disability. R. Doc. 11, pp. 5, 7; R. Doc. 14, pp. 2-3. The ALJ noted that Plaintiff's claims of abstinence may not be completely credible as there appear to be inconsistencies in the record regarding whether Plaintiff was, in fact, abstinent. AR pp. 26-27 (discussing inconsistencies). As it is the ALJ's function to determine credibility, these inconsistencies also weigh against a finding that Plaintiff has met his burden of establishing that DAA is not a material factor. To the extent Plaintiff is arguing that the DAA no longer *existed* as of the date of onset (September 7, 2016) because of the periods of sobriety and the lack of a continuing

A claimant is not eligible for benefits if DAA is a contributing factor material to a determination of disability. Thus, if "there were jobs that Plaintiff could have performed during the relevant time period if he had not abused [drugs or] alcohol, his [DAA] would be material to the disability determination, and he would not have been eligible for benefits."[61] The claimant bears the burden of proving that his DAA is a not a contributing factor to his disability.[62]

The ALJ worked through the five-step process, considered all of Plaintiff's impairments, including DAA, and concluded that there were no jobs that exist in significant numbers in the national economy that he could perform.[63] Thereafter, the ALJ worked through the five-step process a second time without considering Plaintiff's substance abuse.[64] When considering all of Plaintiff's impairments, including his substance abuse, the ALJ found that Plaintiff maintained the RFC to do a full range of work at all exertional level, except that he cannot perform customer service work or have public contact *and* he would be off task 20% each workday.[65] Relying on the VE's testimony, the ALJ concluded that given all of these factors, there are no jobs in the national economy that Plaintiff could perform.[66] Conversely, removing Plaintiff's substance abuse from the equation, the ALJ found that Plaintiff retained the RFC to perform a full range of work at all exertional levels, except he could not perform customer service work or have public contact;[67] however, Plaintiff would not be off task 20% of each workday. In reaching her conclusions, the ALJ found that Plaintiff's impairments could reasonably be expected to produce his symptoms,

---

diagnosis of DAA from Drs. Forgey and/or Dean, Plaintiff has not provided any authority to support that determination. Regardless, Plaintiff's periods of purported sobriety were appropriately considered by the ALJ in making the materiality finding.

[61] *Halterman ex rel. Halterman v. Colvin*, 544 F. App'x. 358, 360 (5th Cir. 2013).
[62] *Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 2013); *Wheat v. Barnhart*, 318 F.Supp.2d 358, 362 (M.D. La. 2004). *See also Thomas v. Commissioner of Social Security*, No. 16-830, 2018 WL 1095569, at *7 (M.D. La. Feb. 28, 2018).
[63] AR pp. 12-23.
[64] AR pp. 23-31.
[65] AR pp. 15-22.
[66] AR pp. 22-23.
[67] AR pp. 23-30

but that Plaintiff's statements concerning the intensity, persistence, and limited effects of his symptoms were not credible to the extent they were inconsistent with the RFC.[68]

Because a "[c]laimant bears the burden of proving that [DAA] is not a contributing factor to his disability," Plaintiff must present evidence that he would still be disabled without substance abuse.[69] At best, Plaintiff argues that the evidence should be reweighed, which this Court is not permitted to do,[70] and substantial evidence supports the Commissioner's decision. First, the evidence relied on most heavily by Plaintiff—the opinions of Drs. Forgey and Dean that Plaintiff is permanently disabled[71]—is conclusory in nature and within the sole purview of the Commissioner. Relatedly, Drs. Forgey's and Dean's opinions relate to whether Plaintiff's schizophrenia was *caused* by his substance abuse and whether Plaintiff's condition would be cured by abstaining from drug and alcohol use. Those opinions do not address the specific issue before the ALJ or this Court—*i.e.*, whether Plaintiff retained the ability to function sufficiently to perform work-like activity if he stopped his substance abuse. While the opinion and diagnosis of a treating physician should generally be given considerable weight in determining a claimant's disability, a treating physician's opinions are not conclusive and may be assigned little or no weight for good cause shown.[72] An ALJ may discount the weight of a treating doctor's opinion when it is

---

[68] AR pp. 23-30.

[69] *Halterman*, 544 F. App'x. at 360 n. 4.

[70] *Brown*, 192 F.3d at 496 ("[W]e may not reweigh the evidence in the record, nor try the issues de novo, nor substitute our judgment for that of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision." … "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve.".) (citations omitted).

[71] *See* AR pp. 800 (Dr. Forgey's April 13, 2017 note, opining that (1) Plaintiff's symptoms "can be worsened by certain drug abuse but addiction is not the cause of this illness," nor will sobriety cure it, and (2) that it is his opinion that Plaintiff "is permanently and totally disabled from any gainful employment"), AR p. 866 (Dr. Forgey's November 30, 2018 progress note stating that Plaintiff's treatment has proved to be difficult requiring high doses of multiple medications to only achieve partial improvement" and that a "decline is function is expected" due to the nature of schizophrenia, and opining that Plaintiff is "permanently and totally disabled from any gainful employment"), and AR p. 773 (Dr. Dean's May 27, 2017 note, opining that Plaintiff's "condition will most likely continue to decline and it is my opinion that he is permanently and totally disabled from any gainful employment.").

[72] *Newton*, 209 F.3d at 455; *see also* 20 C.F.R. § 404.1527(c)(1) (examining physician opinion given more weight than non-examining physician). Although for claims filed on or after March 27, 2017, the federal regulations now

conclusory, unsupported by medically acceptable clinical, laboratory, or diagnostic techniques; or it is otherwise unsupported by the evidence.[73] Further, an ALJ may reject the opinion of any physician when the evidence supports a contrary conclusion.[74] If an ALJ determines that a medical opinion is not entitled to controlling weight, he/she should consider several factors in deciding the weight to assign the opinion, including the length of the treatment, the consistency of the opinion with the record as a whole, and the treating physician's specialization.[75]

However, a "medical source's opinions on some issues are not medical opinions, but are instead 'opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e. that would direct the determination or decision of disability.'"[76] As such, a "treating source's statement or opinion that the claimant is 'disabled' or 'unable to work,' is not a medical opinion, but a legal conclusion on an issue reserved to the Commissioner. The factors set out in the regulations apply only to medical opinions, not opinions reserved to the Commissioner."[77]

Here, review of the ALJ's decision demonstrates that she complied with the applicable legal standards. Regarding Drs. Forgey and Dean's opinions that Plaintiff was "permanently disabled" and "unable to work," these statements are not medical opinions to which the regulatory factors concerning the weight to be given should be applied, nor are they entitled to any special significance under the applicable regulations. At bottom, these statements are legal conclusions on a dispositive issue in this case—whether Plaintiff is disabled—which is reserved for the Commissioner. Further, in her decision, the ALJ provided a detailed summary of the record

---

provide that treating physician's opinions are no longer entitled to additional weight (20 C.F.R. § 404.1520c), because this claim was filed before March 27, 2017, the treating physician rule set forth in 20 C.F.R. § 404.1527 controls.
[73] *Jones v. Astrue*, No. 13-40, 2015 WL 1346244, at *5 (M.D. La. Mar. 23, 2015), *citing Newton*, 209 F.3d at 455-56.
[74] *Id*., *citing Bradley*, 809 F.2d at 1057.
[75] *Id*. at *6, *citing* 20 C.F.R. §§ 404.1527(c) and (d); *Newton*, 209 F.3d at 456.
[76] *Id*. at *6 citing 20 C.F.R. § 404.1527(d).
[77] *Id*. at *6 citing 20 C.F.R. § 404.1527(d)(1)-(3) and *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003).

evidence and provided a thorough explanation of why she assigned those opinions little weight. The reasons given by the ALJ constitute good cause, and substantial evidence supports her findings.

For example, Plaintiff saw Dr. Forgey on August 22, 2016, and Dr. Forgey's note indicates that Plaintiff was "maintaining his sobriety," and that while Plaintiff "still at times has a few obsessive thoughts[,] [h]e denies any psychosis."[78] Further, Dr. Forgey noted that Plaintiff "has had no symptoms of mania but at times is a little irritable, a little distracted possibly due to anxiety."[79]

In his December 7, 2017 progress note, Dr. Forgey states that Plaintiff was "a little more animated" and a "little more talkative and engaging."[80] However, Dr. Forgey noted that Plaintiff "continue[s] to drink alcohol in the afternoon up to three beers with the goal of going to sleep," and Plaintiff was "[e]ncouraged to minimize alcohol as much as possible.[81]

Importantly, Plaintiff was reportedly doing "quite well" when he stopped using alcohol or substances altogether. In his December 7, 2018 progress note, Dr. Forgey states:

> Patient seen today with his father. His affect appeared to be more animated. Indeed he reports he's been doing quite well. He's not used any marijuana in over a year and he's been sober from alcohol for several months. He's changed most of his psychiatric medicines about [sic] to bedtime and reports he's doing quite well…[Plaintiff] appears to be doing much better with the combination and medicines as prescribed today.[82]

Plaintiff was ordered to return to see Dr. Forgey in four months.[83]

Dr. Dean's December 3, 2018 progress note also suggests significant improvement in Plaintiff's symptoms while abstaining from substance abuse:

---

[78] AR p. 681.
[79] AR p. 681.
[80] AR p. 790.
[81] AR p. 790.
[82] AR p. 778.
[83] AR p. 778.

…[Plaintiff] has made some significant progress with his history of substance use. He has been cannabis free for well over a year and alcohol free for some time now. He does continue to experience significant positive and negative symptoms of Schizophrenia associated with his Schizoaffective Disorder. His symptoms of depression come and go and they were mildly to moderately elevated as of today; however, he explains that he does not feel that the depression is overwhelming at this time.[84]

Further, the ALJ based her opinion on the prior administrative findings of SAMC McFarlain, which she afforded "great weight."[85] SAMC McFarlain determined that Plaintiff's drug abuse was material to any finding of disability, so he denied Plaintiff's disability benefits application.[86] The ALJ assigned SAMC McFarlain's assessment "great weight," considering numerous instances "during which [Plaintiff] had extended periods of sobriety and a concurrent decrease in symptoms such that [Plaintiff] reported doing much better," as well "numerous instances…when [Plaintiff] tested positive for or admitted to drug use and experienced acute exacerbations of his symptoms such that he required hospitalization due to extreme behavior or suicidal ideation."[87]

While there may be evidence in the record to suggest that Plaintiff still suffered from symptoms associated with his medical impairments even during periods of abstinence, it is not within the purview of this Court to reweigh the evidence. As shown, there is substantial evidence in the record to support the Commissioner's decision that Plaintiff's DAA is a contributing factor

---

[84] AR p. 867. Regarding Plaintiff's progress with his history of substance abuse, a July 15, 2015 case note from Dr. Dean indicates that Plaintiff "has been smoking [marijuana] 2x a day every other day [and] 3x a day other days, which is down from 5(+)x a day." AR p. 743. The note continues, "[Plaintiff] realizes that he can manage with smoking less. He has been working on re-creating friendships and making new friends." *Id*. *Compare* AR pp. 743, 867 with AR p. 852 (May 22, 2017 case notes from Dr. Dean indicating that Plaintiff claimed the "voices have increased since he stopped smoking [THC a month ago].")

[85] AR pp. 27; 64-78.

[86] AR pp. 64-78.

[87] AR p. 27 *See also id.* at pp. 25-30 and record evidence discussed by ALJ there. Indeed, this is consistent with reports from Plaintiff's father that Plaintiff's symptoms increased when he consumed alcohol. AR p. 777. Likewise, some exam reports during periods of sobriety by Plaintiff indicate no apparent physical or mental health symptoms, appropriate grooming and behavior, good visits with his mother, occasional work with his father, etc. *See, e.g.*, AR pp. 873, 898-907, 909-910.

material to the determination of disability because there is evidence to indicate improvement in his symptoms during periods of abstinence, such that Plaintiff has not met his burden of establishing that his DAA is not material to his disability.

**D.    ALJ's Finding that Plaintiff Does Not Meet or Equal a Mental Listing of Impairment**

At step three of the five-step sequential process, the ALJ must determine whether a claimant's impairment(s) meets or equals the severity of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations.[88] A claimant must meet all the criteria of a listing; impairments manifesting less than all the criteria do not qualify, regardless of severity.[89] The burden rests upon the claimant to prove disability throughout the first four steps of this five-step process.[90] "If the plaintiff fails to demonstrate the specified medical criteria, the court will find that substantial evidence supports the ALJ's finding that listings-level impairments are not present."[91] Here, the ALJ determined that Plaintiff's impairments, including his Schizophrenia, did not meet or medically equal an impairment listed in Appendix 1—namely, 12.03 (Schizophrenia Spectrum and Other Psychotic Disorders).[92]

Listing 12.03 is comprised of three paragraphs – A, B, and C.[93] To satisfy the Listing 12.03 requirements, Plaintiff must show that he meets paragraphs A and B *or* paragraphs A and C.[94] Paragraph A requires medical documentation of one or more of the following: delusions or hallucination, disorganized thinking or speech, or grossly disorganized behavior or catatonia.[95]

---

[88] *Masterson*, 309 F.3d at 271.
[89] *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990); *Sullivan v.Zebley*, 493 U.S. 521, 530 (1990). *See also Mayo v. Saul*, No. No. 19-1658, 2021 WL 219187, at *4 (W.D. La. Jan. 4, 2021).
[90] *Muse*, 925 F.2d at 789.
[91] *Mayo*, 2021 WL 219187, at *4, *citing Selders*, 914 F.2d at 620.
[92] AR pp. 13, 23.
[93] 20 C.F. R. Pt. 404, Subpt. P, App. 1, § 12.03. *See also Falls v. Berryhill*, No. 19-161, 2019 WL 4179126, at *6 (E.D. La. Aug. 14, 2019).
[94] *Id*.
[95] *Id*. at § 12.03(A).

Paragraph B requires at least one extreme or two marked limitation in the areas of understanding; remembering or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself.[96] Paragraph C requires a "serious and persistent" mental disorder—*i.e.*, a medically documented history of a mental disorder during a period of at least two years, plus evidence of both (1) medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder; *and* (2) marginal adjustment to adapt to changes in the claimant's environment or to demands that are not already part of your daily life.[97]

The ALJ's decision and the medical records indicate that Plaintiff meets the Paragraph A criteria, based on the extensive medical documentation of Plaintiff's delusions, hallucinations, and resulting schizophrenia diagnosis.[98] Plaintiff and the Commissioner do not dispute that there is medical documentation in the record showing that Plaintiff meets Part A.[99]

The ALJ discussed the Paragraph B criteria at length before concluding that they are not met because Plaintiff's "mental impairments do not cause at least two 'marked' limitations or one 'extreme' limitation."[100] Considering that Plaintiff does not mention the Paragraph B criteria, or argue that they are satisfied in his brief, Plaintiff does not appear to challenge the ALJ's conclusions regarding the Paragraph B criteria.[101]

---

[96] *Id*. at § 12.03(B). A "marked" limitation means the claimants functions in this area independently, appropriately effectively, and on a sustained basis is seriously limited. *Id*. at § 12.00(F)(2)(d). An "extreme" limitation is the inability of the claimant to function in this area independently, appropriately, effective, and on a sustained basis. *Id*. at § 12.00(F)(2)(e).

[97] *Id*. at § 12.03(C).

[98] AR pp. 12-13, 23-24. *See also* AR pp. 689, 692-693, 770, 797, 811, 817, 820, 822, 847, 849, 851-852, 855-857, 862-865, 887, 897, 909.

[99] R. Doc. 11, p. 8; R. Doc. 13, p. 13.

[100] AR pp 23-24.

[101] *See,* R. Doc. 11, pp. 7-9.

17

Regarding the Paragraph C criteria, Plaintiff argues that the "medical evidence clearly establishes that he meets or medically equals the criteria of Listing 12.03 C.1. and C.2."[102] Specifically, Plaintiff contends that C.1 is met because he has "undergone treatment for schizophrenia with Dr. Forgey and Dr. Dean," who noted "partial improvement with a course of treatment including high doses of multiple medications."[103] As to C.2, Plaintiff contends Drs. Forgey and Dean's treatment notes show that Plaintiff has minimal capacity to adapt to changes or to demands that are not part of his daily life, and that Plaintiff continued to experience symptoms relating to schizophrenia, including "continuing hallucinations/hearing voices."[104] Plaintiff also contends his testimony that "he did some grocery shopping, usually accompanied by his father; that his father, with whom he lives, drives him to doctors' appointments; that he has no friends whom he sees on a regular basis; that he does not participate in social media; and that his father takes care of filling his prescriptions and ensuring that he takes his medications as prescribed,"[105] establishes the criteria of C.2. While not conceding that Plaintiff satisfies any of the Paragraph C criteria, the Commissioner argues that the evidence of record shows that Plaintiff "does not have a 'minimal capacity to adapt to change' in his environment or to demands not already part of his daily life."[106]

12.00(G)(2)(c) explains the criterion to establish "marginal adjustment" for purposes of the C.2 criteria. "'Marginal adjustment' means that your adaptation to the requirements of daily life is fragile; that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life. We will consider that you have achieved only marginal

---

[102] *Id*. at p. 8.
[103] *Id*. citing AR p. 866.
[104] *Id*. at pp. 8-9.
[105] *Id*. at p. 9 citing AR pp. 47-51.
[106] R. Doc. 13, p. 14-15

adjustment when the evidence shows that changes or increased demands have led to exacerbation of your symptoms and signs and to deterioration in your functioning; for example, you have become unable to function outside of your home or a more restrictive setting, without substantial psychosocial supports (see 12.00D). Such deterioration may have necessitated a significant change in medication or other treatment. Similarly, because of the nature of your mental disorder, evidence may document episodes of deterioration that have required you to be hospitalized or absent from work, making it difficult for you to sustain work activity over time."

Substantial evidence supports the ALJ's decision that Plaintiff does not meet or medically equal the 12.03 Listing because the C.2 criteria are not satisfied. For example, Plaintiff testified at the hearing (1) that he goes out to grocery shop or to the pharmacy two to three times a week, usually with his father but sometimes on his own; (2) that he drives to his mother's house to visit and eat with her; (3) that he "occasionally listen[s] to music" on his computer, plays dominoes with his parents; and (4) interacts with his sister and her husband, as well as a friend who lives in California.[107] Plaintiff testified that his father in "in charge of getting his medications filled and making sure" the prescriptions are taken as prescribed, but he also testified the he only needs reminders from his dad about his medication "sometimes."[108]

Plaintiff's testimony is consistent with other evidence in the record indicating that Plaintiff has more than a "minimal capacity" to adapt to changes. Indeed, Plaintiff appeared by himself at a December 21, 2017 visit with his physician for a follow-up; he was "oriented to person, place, and time…cooperative," had a "normal mood and affect," and his behavior was normal.[109] Plaintiff reported that he "has been doing well" and had no other problems, illnesses, or symptoms.[110]

---

[107] AR pp. 47-50.
[108] AR pp. 51-52.
[109] AR pp. 828-829.
[110] AR pp. 828-829.

Relevant here, Plaintiff's doctor noted that Plaintiff changed up his diet and "lost about 5-8 pounds since [the] last visit," after being counseled about his diet and exercise at the previous visit.[111]

Further, other evidence in the record shows that Plaintiff—even while abusing substances or alcohol—has more than a "minimal capacity" to adapt to changes in his environment or daily routine. For example, the record shows Plaintiff is able to do the following: feed and care for pets/animals;[112] perform personal care tasks, like getting dressed, bathing, feeding himself, taking his medicine, etc., without reminders;[113] perform household and yard work, including mowing yards, sweeping, washing dishes, helping to cook, and doing laundry;[114] mow other people's yards to earn money;[115] sign up for and play soccer;[116] drive and go out alone;[117] shop in stores for computer equipment and use the equipment to listen to music and infrequently use social media;[118] pay bills and count change;[119] watch TV, play sports, and play video games "daily" and "do them well";[120] socialize with others "daily" and go out to eat frequently;[121] follow written instructions "pretty well";[122] and get along with "authority figures well."[123] The medical evidence of record and Plaintiff's own testimony contradict his argument that he has marginal adjustment sufficient to meet or equal Listing 12.03.

---

[111] AR pp. 828-829. Notably, during a March 3, 2017 visit, Plaintiff's physician noted that he had "gained about 30 pounds since [the] last visit." AR pp. 834-836. Plaintiff was "counseled on diet and exercise." *Id.*
[112] AR p. 235.
[113] AR pp. 235-236.
[114] AR pp. 236, 620.
[115] AR p. 592.
[116] AR pp. 592, 600, 606, 613-614.
[117] AR pp. 13-14, 237.
[118] AR p. 237.
[119] AR pp. 48, 237.
[120] AR pp. 30, 238, 613.
[121] AR p. 238.
[122] AR pp. 73-75, 239.
[123] AR p. 240.

IV.     **Conclusion and Recommendation**

Here, the ALJ considered the medical evidence, explained her evaluation of that evidence, and her finding that Plaintiff's substance abuse disorder is a material factor in his disability, such that he is not disabled, is based on the proper legal standards, and is supported by substantial evidence in the record. Likewise, substantial evidence supports the ALJ's decision that Plaintiff does not meet a Listing of impairment based on his mental disorders. Accordingly, **IT IS RECOMMENDED** the final decision of the Commission be **AFFIRMED**, and this action be **DISMISSED with prejudice** under sentence four of 42 U.S.C. § 405(g).

Signed in Baton Rouge, Louisiana, on September 7, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**